**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rosa Acosta, et al.,

          Plaintiffs,

v.

Clear Blue Specialty Insurance Company,

          Defendant.

No. CV-24-03681-PHX-DJH

**ORDER**

On July 23, 2026, Defendant Clear Blue Specialty Insurance Company ("Defendant") filed a Motion for Reconsideration (Doc. 33) of the Court's Order (Doc. 32) denying Defendant's Motion for Judgment on the Pleadings.[1]  Finding no cause to grant the Motion, no response is necessary from Plaintiffs Rosa Acosta, Brenda Geiger, Andra Cheri Moreland, and Jessica Rockwell (collectively, "Plaintiffs").  *See* LRCiv 7.2(g)(2) ("no motion for reconsideration may be granted unless the Court provides an opportunity for response").

Defendant brings its Motion under Federal Rule of Civil Procedure 54(b).  Rule 54(b) states that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Further, Local Rule

---

[1] The Court adopts the Background section provided in its Order on Defendant's Motion for Judgment on the Pleadings, and any defined terms used throughout the Order carry the same meaning as stated in the July 21, 2026 Order.

7.2(g)(1) provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." In considering a motion for reconsideration brought under Rule 54(b), "district courts look to the standard on motions for reconsideration under Rule 59 and Rule 60(b)." *Sundby v. San Diego Cnty. Sheriff's Dep't*, 2026 WL 673819, at *4 (S.D. Cal. 2026). Thus, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its July 21, 2026 Order, the Court concluded, "on the current record, Defendant has not met its burden to establish, as a matter of law, that Precision Housing's use of Plaintiffs' images is excludable conduct on the grounds that Plaintiffs' images were advertisements or materials for the exhibition of 'promotional events.' " (Doc. 32 at 10). Defendant objects to what it refers to as the "recurrence-based distinction" the Court made in its Order when it reasoned that the advertisements in question were not excluded under the Policy. (Doc. 33 at 4). Defendant argues that "[n]either party addressed whether recurring promotions fall outside the ordinary meaning of 'promotional event' unless tied to a holiday, special occasion, or other specific occurrence. [Defendant] respectfully submits that this previously unbriefed distinction warrants reconsideration." (*Id.*)

Several issues arise from Defendant's argument. First and critically, Defendant does not identify any newly discovered evidence, clear error, or change in controlling law. Second, although the frequency of the promotions was discussed, the Court's decision did not hinge solely on whether these promotions were recurring or not. Instead, having reviewed the advertisements as the parties asked the Court to do, the Court determined that deals and specials offered by Precision Housing were promotions as opposed to promotional *events*. (*See* Doc. 32 at 9 ("Unlike the holiday parties in *Nobriga*, the specials advertised here are not a 'noteworthy happening' or 'social occasion,' and are untethered

to anything but the promotions themselves."); *id.* at 10 ("Even if these specials promote Precision Housing's club, merely offering drink and dance specials does not definitively transform a promotion into a promotional *event*.").

Third, Defendant points out that the Policy does not distinguish between recurring and one-time promotional events. (Doc. 33 at 4–5). In a similar vein, Defendant also argues that "[t]he Policy does not reserve 'event' for a holiday, an anniversary, or a one-time occurrence," and that "[t]he Policy does not require the event to promote a separate product, release, charity, holiday, or external subject." (*Id.* at 5–6). However, the Court, at no time, stated that the Policy did as much, and therefore these arguments hold little merit. Moreover, Defendant's arguments are all undermined by the fact that the Policy fails to define "promotional event." So, while Defendant is correct that the Policy does not specifically require these things, the argument works equally in the opposing direction. "While failure to define a term in a policy does not necessarily render that term ambiguous, an insurance company—should it wish to limit or restrict the meaning of terms such as [promotional event]—can easily do so by express language." *Mendota Ins. Co. v. Gallegos*, 302 P.3d 651, 657 (Ariz. Ct. App. 2013).

Finally, to the extent that Defendant's Motion relies on the fact that the parties did not brief the distinction between recurring and non-recurring events, this argument is unavailing. The Court's analysis was largely guided by the supplemental authority submitted by Defendant. (*See* Docs. 29, 31). And the comparisons and distinctions the Court draws from relevant cases as part of its analysis are within its purview. "[I]n reviewing questions of a law, a court should use its full knowledge of its own [and other relevant] precedents." *Johnson v. Altamirano*, 2020 WL 487301, at *7 (S.D. Cal. 2020) (citing *Elder v. Holloway*, 510 U.S. 510, 516 (1994)) (internal quotations omitted) (alteration in original). *See also Kamen v. Kemper Fin. Services, Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."). It should also be noted

that Defendant's Motion for Judgment on the Pleadings is devoted in large part to Plaintiffs' celebrity status, and, although the issue was equally submitted for the Court to decide, its argument surrounding the promotional event aspect was cursory. (*See* Doc. 20 at 12–13). As Defendant has now seen, the "promotional event" argument was actually more persuasive to the Court, but its failure to further develop this argument is not cause for reconsideration.

"A party seeking reconsideration must show more than a disagreement with the Court's decision[.]" *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations and citations omitted). Here, Defendant has done little more than pick out particular portions of the Court's Order with which it takes exception. At bottom, the Court concluded that "on the current record, Defendant has not met its burden to establish, as a matter of law, that Precision Housing's use of Plaintiffs' images is excludable conduct on the grounds that Plaintiffs' images were advertisements or materials for the exhibition of 'promotional events.' " (Doc. 32 at 10). The Court has been presented with no new evidence, change in controlling law, or manifest error that would warrant reconsideration of this decision.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 33) is **DENIED**.

Dated this 30th day of July, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -